## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

COASTAL COMMUNITY
RESILIENCE, INC. dba
RISE,

    Plaintiff,

v.

WEATHERCHECK, INC.,

    Defendant.

Case No.: 2:21cv616

## COMPLAINT

NOW COMES Plaintiff, Coastal Community Resilience, Inc., d.b.a. RISE, by counsel, and for its Complaint against Defendant WeatherCheck, Inc., states as follows:

## PARTIES

1. Plaintiff Coastal Community Resilience, Inc., d.b.a. RISE, ("Coastal Community") is a Virginia Corporation with its principal offices located in Norfolk, Virginia.

2. Upon information and belief, Defendant WeatherCheck, Inc. ("Defendant WeatherCheck") is a Kentucky Corporation with a principal place of business in Louisville, Kentucky.

## JURISDICTION AND VENUE

3. Jurisdiction is proper within the meaning of 28 U.S.C. § 1332, in that the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000.

4. Venue of this action is properly found in this Honorable Court pursuant to 28

U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred within the jurisdiction of this District.

## FACTS

5. Coastal Community is a nonprofit corporation that operates the Coastal Resilience Lab and Accelerator Center ("RISE Program").

6. Coastal Community, through the RISE Program, assists small businesses and non-profit entities ("Awardees") in developing new products and technologies to address climate change impacts in coastal communities through the award of grants or revenue-based loans ("RBLs"). RBLs are loans secured by future revenue earned by the Awardees through the sale of the technology or product developed using the Award funds.

7. Awardees are selected through a competitive application process and Award funds are provided only after execution of an agreement between Coastal Community and the Awardee.

8. Defendant WeatherCheck applied to the RISE Program for funding and was selected by Coastal Community for an Award.

9. Coastal Community and Defendant WeatherCheck entered into an Award Agreement ("Award Agreement") dated June 15, 2020 as amended by the First Amendment to the Award Agreement dated November 20, 2020 ("Amendment 1", and together with the Award Agreement, the "Agreement")(Exhibit A).

10. Pursuant to the Agreement, Defendant WeatherCheck was awarded grants and RBLs by Coastal Community not to exceed $280,000 for the development of technology to warn property owners of weather events that could cause severe damage, and to facilitate more expeditious insurance claim processing.

11. In return for the Award, Defendant WeatherCheck agreed to perform as detailed in the Award Agreement's Statement of Work and Budget, as amended by Amendment 1 (together the "Statement of Work").

12. In the Statement of Work, Defendant WeatherCheck agreed to develop its product and technology in accordance with a schedule of phases, with each phase containing individual Tasks wherein Defendant WeatherCheck agreed to provide specific deliverables by a date certain.

13. The Statement of Work provides that Defendant WeatherCheck was required to complete its work within the Agreement's Period of Performance of June 15, 2020 through June 30, 2021.

14. Defendant WeatherCheck agreed in Section XI of the Agreement that failure to meet the agreed upon deliverables as required by the Agreement constitutes a breach of the Agreement.

15. Defendant WeatherCheck agreed in Exhibit D of the Agreement that it would repay the RBL starting 12 months from execution of the Agreement on a monthly basis based on gross revenue earned by Defendant WeatherCheck from the product or technology developed through the Award funds.

16. Defendant WeatherCheck breached its obligations under the Agreement by, among other things:

    a. Failing to complete deliverables by the dates mandated in the Statement of Work;

    b. Failing to provide monthly reports as required by Section V of the Agreement;

  c. Failing to furnish documentation to substantiate the eligibility of costs incurred by Defendant WeatherCheck as required by Section III.O of the Agreement;

  d. Failing to furnish to Coastal Community proof of payment of incurred costs as required by Section III.P of the Agreement;

  e. Failing to notify Coastal Community of the receipt of any funding sources outside of the RISE Program used for payment or reimbursement of expenses as required by Section III.I of the Agreement;

  f. Failing to notify Coastal Community in writing within three business days of becoming aware of an occurrence of any default of the Agreement or a material change in circumstances that would impair Defendant WeatherCheck's ability to fulfill its obligation under the Agreement as required by Section III.R of the Agreement;

  g. Failing to repay the RBL as required by Exhibit D of the Agreement; and

  h. Failing to complete its work in accordance with the Agreement and the Statement of Work therein.

17. Defendant WeatherCheck agreed in Section XI of the Agreement that any breach of any covenant, agreement, or obligation set forth in the Agreement would constitute a breach of the Agreement if not cured within fifteen (15) business days of notice by Coastal Community.

18. On or about June 16, 2021, Coastal Community provided written notice to Defendant WeatherCheck that Defendant WeatherCheck was in default of the Agreement (Exhibit B).

19. Coastal Community did not receive any written response from Defendant WeatherCheck regarding Coastal Community's default notice.

20. Coastal Community did not receive any evidence from Defendant WeatherCheck that Defendant WeatherCheck took any action to cure its default as required by the Agreement.

21. Defendant WeatherCheck agreed in Section III.M of the Agreement that if the project does not proceed pursuant to the Agreement, Coastal Community could withdraw any funds not obligated under the Award.

22. Defendant WeatherCheck agreed in Section XIII that Coastal Community has the right to demand return of all or any portion of the Award made to Defendant WeatherCheck upon default of the Agreement.

23. Defendant WeatherCheck agreed in Section IX to indemnify Coastal Community for all losses, damages, or liabilities, including attorney's fees, arising out of the Agreement.

24. On or about July 23, 2021, Coastal Community demanded, through counsel and per Section XIII of the Agreement, repayment of $51,762.52 disbursed to Defendant WeatherCheck as a grant and $106,000 disbursed to Defendant WeatherCheck as a RBL (Exhibit C).

25. Despite due demand, Defendant WeatherCheck has failed and refused to repay said amounts despite its obligation to do so.

## COUNT I: BREACH OF CONTRACT

26. Coastal Community incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

27. The Agreement is a binding and enforceable agreement.

28. Defendant WeatherCheck agreed to perform as described herein and as detailed in the Agreement in return for the Award paid by Coastal Communities.

29. Coastal Community paid the Award as agreed by and between the Parties.

30. Defendant WeatherCheck materially breached the Agreement by failing to perform as agreed, retaining Award funds in violation of the Agreement, and failing to repay amounts due to Coastal Community.

31. As a direct and proximate result of Defendant WeatherCheck's material breaches, Coastal Community has incurred damages in the amount of $157,762.52, plus any repayments of the RBL due to Coastal Community, and its costs incurred in this action.

32. Coastal Community is entitled to recover its costs, including reasonable attorneys' fees, incurred in enforcing the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Coastal Community, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Defendant WeatherCheck, Inc. for the following relief: a) monetary award in the principal amount of $157,762.52 plus any RBL interest or additional repayments owed to Coastal Community, Inc., b) pre-judgment interest on all monies awarded, c) costs and attorneys' fees, and d) any further relief as this Court deems appropriate.

This the 15th day of November, 2021.

COASTAL COMMUNITY RESILIENCE, INC.

By: */s/ Jose Romero*

Jose Romero, Esq.
VA Bar No.: 95300
jromero@vanblacklaw.com
VANDEVENTER BLACK, LLP
101 West Main Street, Suite 500
Norfolk, VA 23510

Telephone: (757) 446-8600
Facsimile: (757) 446-8670
*Counsel for Coastal Community Resilience, Inc.*

4895-2776-1155, v. 1